**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BILLY WHITE,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **NO. 26-CV-3440** |
| | : | |
| **WILLIAM H. HIGHLAND III, *et al.*,** | : | |
| *Defendants* | : | |

**O R D E R**

**AND NOW**, this 29th day of July 2026, upon consideration of Billy White's *Motion to Proceed In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 3), and White's *pro se* Complaint (ECF No. 2), it is hereby **ORDERED,** for the reasons set forth in the accompanying Memorandum, that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Billy White, #25-06187, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Montgomery County Correctional Facility or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to White's inmate account; or (b) the average monthly balance in White's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in White's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited

to White's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of Montgomery County Correctional Facility.

4. The Complaint is **DEEMED** filed.

5. All claims against William Highland III, Abigail Jean Morris, Hannah Victor, the CEO of Wawa, and the Commissioner of the Limerick Township Police Department are **DISMISSED,** with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is **DIRECTED** to **TERMINATE** Defendants Highland, Morris, Victor, Commissioner of Limerick Township Police Department and CEO of Wawa as parties on the docket.

6. All claims for damages under the Pennsylvania Constitution and claims based on alleged failure to read *Miranda* warnings are **DISMISSED,** with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

7. The Sixth Amendment claims and official capacity claims against Defendants Johnston, Steiger, Ciaciak, Reilly, and Matalavage are **DISMISSED,** without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

8. All further proceedings are **STAYED** until White informs this Court that his related criminal proceedings have been finally resolved.

9. If White seeks to pursue his claims, he must notify this Court **within thirty (30) days of the final resolution of his related criminal proceedings** that (a) the proceedings have been resolved; (b) how the proceedings resolved; and (c) whether he still intends to pursue the claims in the instant case. Failure to comply with this Order may result in dismissal of this case.

10. The Clerk of Court is **DIRECTED NOT TO ISSUE SUMMONSES** at this time.

11. The time to serve process under Fed. R. Civ. P. 4(m) is hereby extended to the date 90 days following the issuance of summonses by the Clerk of Court upon further order of the Court.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*